## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRIA RANDLE, VANESSA GUSMAN, KASIE SEDWICK, NICOLE DEMONTE, AINSLEY JACOBSON, and BRANDY LUKER, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. |
| v. | |
| MATCH GROUP, INC., MATCH GROUP, LLC, and TINDER, INC. | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendants Match Group, Inc.[1] and Match Group, LLC[2] (collectively "Defendants"), hereby remove this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. Removal is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). In support of removal, Defendants state as follows:

### I. BACKGROUND

1.      On October 3, 2022, Plaintiffs Bria Randle, Vanessa Gusman, Kasie Sedwick, Nicole Demonte, Ainsley Jacobson, and Brandy Luker (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, filed in the Circuit Court of Cook County a two-count

---

[1] Match Group, Inc. is the wrong legal entity. Match Group, LLC owns and operates the Tinder app. Nothing in the complaint relates to actions performed by Match Group, Inc., a holding company that does not operate any online data platforms. (*See, e.g.,* Exhibit B, Declaration of Laurie Braddock ¶¶ 5-6).

[2] Plaintiffs name "Tinder, Inc." as a Defendant, but that entity no longer exists. Subsequent to a 2017 merger, Tinder, Inc.'s assets and liabilities were acquired by Match Group, LLC. (*Id.* ¶ 6). Accordingly, Tinder, Inc. is not a proper party to this lawsuit. *See* Paragraph 15, *infra*.

class action complaint captioned *Bria Randle, et al. v. Match Group, Inc., et al.*, No. 2022CH0980, based on alleged violations of the Illinois Biometric Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* A true and accurate copy of the state-court complaint, along with all other process, pleadings, and orders with which Defendants have been served, is attached hereto as Exhibit A.

2.     Plaintiffs allege that they are users of Defendants' online dating services, and particularly, the Tinder app. (*See* Ex. A, Compl., ¶¶ 17-23, 48). Plaintiffs claim that, since 2020, Defendants collected and retained Plaintiffs' biometric facial identifiers through "Photo Verification" and "Liveness Check" features present within the Tinder app. (*See Id.* ¶¶ 17-23, 48-49, 54). Plaintiffs further contend that Defendants stored Plaintiffs' biometric facial identifiers in a database without an appropriate data retention policy in place, and without their informed consent. (*Id.* ¶¶ 55-60). Based on this alleged conduct, Plaintiffs claim that Defendants violated Sections 15(a) and (b) of BIPA. (*Id.* ¶¶ 87-103).

3.     Plaintiffs seek to represent the following class of individuals:

All Illinois residents who directly or indirectly used Defendants' biometric authentication products and subsequently had his or her biometric facial scan captured, collected, stored, or otherwise obtained by Defendants during the applicable statutory period.

(*Id.* ¶ 82).

4.     For each of Defendants' alleged violations of Sections 15(a) and (b), Plaintiffs seek—individually and on a classwide basis—statutory damages of at least $1,000 per violation, plus attorneys' fees and costs. (*Id.* ¶¶ 94, 103). Plaintiffs further seek declaratory and injunctive relief requiring Defendants' compliance with BIPA.[3]

---

[3] In filing this Notice of Removal, Defendants do not waive, and expressly reserve, all rights, claims, and defenses, and do not admit any of the allegations in Plaintiffs' Complaint.

## II. GROUNDS FOR REMOVAL

### A.    The Procedural Requirements for Removal Are Met.

5.      Removal is timely because this Notice of Removal is filed within 30 days of service of the complaint. *See* 28 U.S.C. § 1446(b)(1). Defendants Match Group, Inc.; Match Group, LLC; and Tinder Inc. are the only defendants in the state-court litigation. Each was served with a copy of the complaint and summons on October 28, 2022, which is within 30 days of the date of this filing. All defendants join in this removal. *See id.* § 1446(b)(2)(A).

6.      Removal to this Court is proper because the United States District Court for the Northern District of Illinois, Eastern Division, is the District Court of the United States for the district and division embracing the state court action filed by Plaintiffs in Cook County, Illinois. *See* 28 U.S.C. §§ 1441(a), 93(a)(1).

7.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in state court are attached hereto as <u>Exhibit A</u>.

8.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of the removal to all parties and will file a notice in the Circuit Court of Cook County.

9.      This putative class action is subject to this Court's jurisdiction under CAFA, 28 U.S.C. § 1332(d), because minimal diversity exists, there are more than 100 putative class members, and the amount in controversy exceeds $5 million.

### B.    Removal Is Proper Based on CAFA Jurisdiction Under § 1332(d).

10.     This Court has original jurisdiction over this matter pursuant to CAFA, 28 U.S.C. § 1332(d). CAFA substantially expanded federal jurisdiction over diversity class actions, creating federal subject matter jurisdiction where: (1) a class has 100 or more members;

(2) there is "minimal diversity" in that "at least one class member is diverse from at least one defendant;" and (3) the amount in controversy exceeds $5 million, exclusive of interest and costs. *Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017).

11.     "The defendant's right to remove a particular action is determined solely from the allegations of a plaintiff's complaint." *Woiwood v. City of Chicago*, No. 10 C 06673, 2011 WL 117201, at *1 (N.D. Ill. Jan. 5, 2011), *citing Jones v. Gen. Tire & Rubber Co.,* 541 F.2d 660, 663 (7th Cir. 1976); *see also Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831, 846-47 (N.D. Cal. 2012) (explaining that "[r]emoval does not serve as an admission" of the plaintiffs' allegations that the action is suitable for class treatment, nor does it waive the terms of an arbitration agreement). Accepting the allegations of the complaint for purposes of removal, all three requirements for CAFA jurisdiction are met here.

12.     First, as to minimal diversity between the parties, whereas all Plaintiffs are citizens of Illinois (Compl. ¶¶ 1-6), no Defendant is a citizen of Illinois.

13.     Corporations are citizens of both the state in which they are incorporated and in which they have their principal place of business. 28 U.S.C. § 1332(c)(1). Defendant Match Group, Inc. is a Delaware corporation with its principal place of business in Texas. (Ex. B, Braddock Decl. ¶ 3). It is therefore a dual citizen of Delaware and Texas.

14.     A limited liability company is a citizen of every state in which its members are citizens. *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). Match Group, LLC is a Delaware limited liability company with its principal place of business in Dallas, Texas. (Ex. B, Braddock Decl. ¶ 4). Match Group, LLC's sole member is Match Group Holdings II, LLC, a Delaware limited liability company with its principal place of business in Dallas, Texas, and which itself has a sole member, Match Group Holdings I, LLC, organized

4

and existing under the laws of the state of Delaware, with a principal place of business in Dallas, Texas. (*Id*.). The sole member of Match Group Holdings I, LLC, is Match Group, Inc., which, as explained above, is a dual citizen of Delaware and Texas. (*Id*.). Accordingly, Match Group, LLC is a citizen of the states of Delaware and Texas.

15.    Tinder, Inc. no longer exists as a corporate entity.[4] In or around July 2017, Tinder, Inc. merged with and into Match Group, Inc. (*Id. ¶* 6). As part of the transactions ancillary to the merger, Match Group, Inc. assigned all of Tinder's assets and liabilities to one of Match Group, Inc.'s subsidiaries, Match.com, L.L.C. (*Id*.). Shortly thereafter, Match.com, L.L.C. changed its name to Match Group, LLC. Match Group, LLC remained, and is currently a subsidiary of Match Group, Inc. and the assignee of Tinder's assets and liabilities. (*Id*.). As Tinder, Inc. merged into another entity prior to the initiation of this lawsuit, it cannot be subject to the lawsuit and its citizenship is irrelevant for purposes of diversity jurisdiction.[5]

16.    Because at least one putative class member is diverse from at least one defendant, the requirement of minimal diversity is met.

17.    Second, CAFA's requirement that the proposed class consist of more than 100 class members is also satisfied. Plaintiffs purport to bring this action on behalf of the following proposed class:

---

[4] While in existence, Tinder, Inc. was a Delaware company with its principal place of business in California. (Ex. B, Braddock Decl. ¶ 6).

[5] *See* 28 U.S.C. § 1441(b)(1)( For purposes of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded."); Del. Code Ann. tit. 8, § 251 (providing that a merger occurs when two corporations merge into a single surviving corporation); Cal.Corp.Code § 1107 (a) (providing that the merging corporation ceases to exist and the surviving corporation "shall succeed . . . to all the rights and property of each of the disappearing corporations and shall be subject to all the debts and liabilities of each in the same manner as if the surviving corporation had itself incurred them."); *Sanfilippo v. Tinder, Inc*., No. 218CV08372ABJEMX, 2018 WL 6681197, at *3 (C.D. Cal. Dec. 18, 2018), *aff'd sub nom. Sanfilippo v. Match Grp. LLC*, No. 20-55819, 2021 WL 4440337 (9th Cir. Sept. 28, 2021) (finding Tinder, Inc. was not a proper party to the lawsuit and did not affect diversity jurisdiction because it ceased to exist after its merger into Match Group, Inc. prior to the filing of the lawsuit).

> All Illinois residents who directly or indirectly used Defendants' biometric authentication products and subsequently had his or her biometric facial scan captured, collected, stored, or otherwise obtained by Defendants during the applicable statutory period.

(*Id.* ¶¶ 82). CAFA defines "class members" to mean "the persons (named or unnamed) who fall within the definition of the proposed or certified class." § 1332(d)(1)(D). Plaintiffs' broadly worded putative class definition of "all Illinois residents who directly or indirectly used Defendants' biometric authentication products" easily reaches beyond 100 individuals. Further, Plaintiffs assert in their Motion for Class Certification that "Tinder is an app with millions of paying users and a large base of users in Illinois, as such there can be no serious dispute that Plaintiffs meet the numerosity requirement." (*See* Ex. A, Mot. for Class Cert.). In fact, there are more than five thousand Tinder users in Illinois who have used the verification features at issue. (Exhibit C, Declaration of William Cheng, ¶ 3).

18. Finally, CAFA's amount in controversy is met. As to CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). The removal burden is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1204 (E.D. Cal. 2008).

19. Defendants are entitled to accept a complaint's allegations solely for the purpose of assessing the alleged amount in controversy. *See Peatry v. Bimbo Bakeries USA, Inc.,* 393 F. Supp. 3d 766, 769-70 (N.D. Ill. Aug. 7, 2019). Further, "[t]he party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties," and the removing party need not confess liability to show the controversy

exceeds the jurisdictional threshold. *Roppo*, 849 F.3d at 579 (citations and quotation marks omitted).

20.     As set forth in Counts I and II, Plaintiffs seek statutory damages against each Defendant in the amount of at least $1,000 for each violation of Sections 15(a) and 15(b) of BIPA. (*See* Compl. ¶¶ 94, 103). Accordingly, a class of only 5,000 members could seek damages of $5,000,000—meeting CAFA's jurisdictional threshold. But here, the alleged class is larger than 5,000. (Ex. C, Cheng Decl. ¶ 3). Accepting Plaintiffs' allegations as true solely for purposes of determining removal under § 1332(d), the amount in controversy exceeds $5 million, and the requirements for CAFA jurisdiction are met.

WHEREFORE, Defendants Match Group, Inc. and Match Group, LLC hereby remove this action to this Court under this Court's CAFA jurisdiction.

Dated: November 28, 2022

Respectfully submitted,

By: */s/ Daniel R. Saeedi*

Daniel S. Saeedi (ARDC No. 6296493)
dsaeedi@taftlaw.com
Rachel L. Schaller (ARDC No. 6306921)
rschaller@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Telephone: (312) 527-4000

By: */s/ Stephen A. Broome*

Stephen A. Broome (*pro hac vice pending*)
stephenbroome@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90405
Telephone: (213) 443-3000

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on November 28, 2022, a true and correct copy of the foregoing ***Notice of Removal*** was filed using this Court's CM/ECF system and sent via email to the following counsel of record:

Brandon M. Wise (bwise@peifferwolf.com)

Paul A. Lesko  (plesko@peifferwolf.com)

Adam Florek (aflorek@peifferwolf.com)

PEIFFER WOLF CARR KANE CONWAY & WISE, LLP

818 Lafayette Ave., Floor 2

St. Louis, Missouri 63104

Telephone: 314-833-4825


Mason A. Barney (mbarney@sirillp.com)

Sonal Jain, Esq. (sjain@sirillp.com)

SIRI & GLIMSTAD LLP

745 Fifth Ave., Suite 500,

New York, New York 10151

Telephone: (212) 532-1091

*/s/ Daniel R. Saeedi*

8
